MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rita Lucila Amaya Avila, | No. CV-24-00302-PHX-SPL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Genesis Eloy Detention Center, et al., | |
| Defendants. | |

Plaintiff Rita Lucila Amaya Avila, brought this pro se action pursuant to 42 U.S.C. § 1983 and paid the filing fee. Defendant Ralph's Snack Bar, Inc. ("Ralph's") has filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) Plaintiff was informed of her rights and obligations to respond to the Motion to Dismiss (Doc. 22), and she did not file a response.

## I.   Complaint

Plaintiff names four Defendants in her one-Count Complaint: Genesis Eloy Detention Center, Ralph's, Monty William King ("King"), and John Kennete Looper.[1] Plaintiff titles her one Count as "Motion for kidnapping viola[t]ion (rape) and torture" and checked the "medical care" box on the complaint form as the issue involved. (Doc. 1 at 3.) Plaintiff alleges the following in her Complaint filed on February 13, 2024. On April 5, 2019, while attending an immigration appointment, Plaintiff was arrested due to a

---

[1] The name appears as "Looper" on the docket, but it is possible this Defendant's name is "Cooper."

previous deportation in 2002. (Doc. 1 at 3.) Plaintiff was told she had to leave the country, but she informed "him" that she was afraid to return to her country and so Plaintiff was taken to "Florence." (*Id*.) Plaintiff was not detained in Florence, however, and was returned to the Phoenix Detention Center, where she remained for three days before being taken to Eloy, Arizona. (*Id*.) Plaintiff requested asylum but was denied asylum in August.[2] (*Id*.) Plaintiff's husband, Monty King, filed for divorce. (*Id*.) Plaintiff thought she would be deported, but she was instead transferred to a maximum-security prison in Mississippi where she was isolated in a cell and felt like she was drugged or medicated because she could not stay awake for long. (*Id*.) One night, while Plaintiff felt drugged, a large and heavy person entered Plaintiff's cell, covered her face, took her clothes off, and penetrated her slowly. (*Id*.) Plaintiff was deported from Texas on December 6, 2019.[3]

Plaintiff suffers depression and anxiety and was diagnosed "with a head problem that caused dementia in the future." (*Id*.) She requests $100 million in damages and protection for herself and her children because she thinks the person who attacked her may be "someone big to enter a federal prison." (*Id*. at 6.)

Plaintiff attaches several documents to her Complaint. The first appears to be an immigration form titled "Lasalle Processing Center Subject Profile" by "GEOtrack" dated November 26, 2019, which contains identifying information about Plaintiff. (Doc. 1-1 at 1.) The next document is an Amended Charge of Discrimination from the Arizona Attorney General's Office, Civil Rights Division and EEOC, against Ralph's Snack Bar, Inc. in Phoenix, Arizona and is dated September 27, 2017. (*Id*. at 2-5.) A third document is a declaration of service by a Maricopa County Sheriff's Office deputy stating that he served Monty William King on January 11, 2024, with an "Order to Appear Regarding Petition for Enforcement of Support, Petition to Enforce Spousal Maintenance Arrears to Subpoena Bank Records." (*Id*. at 6.)

---

[2] Plaintiff does not say what year this happened.

[3] Plaintiff does not say where she was sent upon deportation. Her current mailing address is in Surprise, Arizona.

On July 3, 2024, Plaintiff filed Affidavits of Service for Defendants King and Ralph's. (Docs. 14, 15.) Defendant King filed an Answer to the Complaint on July 10, 2024, and Defendant Ralph's filed its Motion to Dismiss on July 12, 2024. (Docs. 17, 19.) On November 22, 2024, Magistrate Judge Boyle permitted Plaintiff 30 extra days to effect service upon the remaining Defendants in this matter. (Doc. 30.)

Although presented as an Answer, the Court will construe Defendant King's pro se filing as a Motion to Dismiss for failure to state a claim.

**II.    Legal Standards**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**III.    Discussion**

Defendant Ralph's moves for dismissal because Plaintiff does not reference Ralph's at all in her Complaint allegations. (Doc. 19 at 2.)

The Court will grant Ralph's Motion to Dismiss because Plaintiff does not allege that Ralph's caused, participated in, or was in any way responsible for the alleged detention or assault, which appears to have occurred in 2019, nor does Plaintiff allege that Ralph's injured or damaged her in any way. And, although Plaintiff attached to her Complaint a copy of a 2017 Amended Charge of Discrimination against Ralph's, she makes no reference to this charge or its content in the Complaint. Nor is it clear that any claim based on this Amended Charge would comply with the applicable statute of limitations. Accordingly, Plaintiff fails to state a claim against Ralph's, and the Court will dismiss Ralph's from this action.

In addition, Plaintiff does not allege that Defendant King was in any way involved in the alleged assault while she was in detention. Plaintiff makes one cursory reference in her Complaint to King filing for divorce. King asserts in his Answer/Motion to Dismiss that the divorce case before the Maricopa County Superior Court of Arizona was settled. (Doc. 17 at 2.) King attached the Superior Court's Judgment/Decree dated March 13, 2024, in Case FN 2019-003910. (*Id*. at 10-11.) Because Plaintiff fails to state a claim against King and the Court would lack jurisdiction over any claims related to the state court divorce proceedings, the Court will dismiss Defendant King.

. . . .

. . . .

4

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is **withdrawn** as to Defendant Ralph's Snack Bar Motion to Dismiss (Doc. 19) and Defendant King's Answer, which the Court construes as a Motion to Dismiss (Doc. 17).

(2)    Defendants' Motions to Dismiss (Docs. 17, 19) are **granted**, and Defendants Ralph's Snack Bar and Monty William King are **dismissed** from this action.

Dated this 5th day of December, 2024.

Honorable Steven P. Logan
United States District Judge