KAB

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rita Lucila Amaya Avila, | No. CV-24-00302-PHX-SHD (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Genesis Eloy Detention Center, et al., | |
| Defendants. | |

Plaintiff Rita Lucila Amaya Avila filed this pro se action. (Doc. 1.) CoreCivic, Inc. moves to dismiss on behalf of Genesis Eloy Detention Center. (Doc. 33.) Plaintiff was informed of her rights and obligations to respond (Doc. 34), and she opposes the Motion. (Doc. 37.)

The Court will grant the Motion.

## I.     Background

In her Complaint, Plaintiff named the following Defendants: Genesis Eloy Detention Center, Ralph's Snack Bar, Monty William King, and John Kennete Looper.[1] Plaintiff does not state a jurisdictional basis for her lawsuit and, instead, wrote "immigration and customs enforcement" as a basis for jurisdiction. (Doc. 1 at 1.) Plaintiff states that she was kidnapped, assaulted and tortured. (*Id.* at 3.) Plaintiff asserts that on

---

[1] It appears Plaintiff may have intended to name Defendant "Cooper," but, consistent with the docket, the Court will refer to this Defendant as Looper for the purposes of this Order. *Compare* Doc. 1 at 1 (caption which appears to state Defendant is named Looper) *with* Doc. 1 at 2 (appears to state Defendant is named Cooper).

April 5, 2019, she was arrested after an immigration appointment and taken to Florence, but was then take back to "Phoenix Detention Center," and, after three days, was taken to "Eloy AZ (Genesis)." Plaintiff asserts that, while there, she went to court where her asylum was denied, her husband filed for divorce, and she received therapy. (*Id.*) Plaintiff asserts that her asylum was denied in August and she thought she would be deported, but she was instead taken to a maximum security prison in Mississippi where she was assaulted by an unknown person. (*Id.*) She asserts that she was then deported from Texas. (*Id.*) To her Complaint, Plaintiff attached a "LaSalle Processing Center Subject Profile" sheet, an EEOC Complaint against Ralph's Snack Bar, a Proof of Service of a Petition to Enforce Spousal Maintenance Arrears on Monty William King, and a hand-written document largely repeating the Complaint allegations. (Doc. 1-1 at 1-7.)

In a December 5, 2024 Order, the Court granted Defendants King and Ralph's Snack Bar's Motions to Dismiss. (Doc. 32.)

Defendant Genesis Eloy Detention Center moves to dismiss the claims alleged against it. Defendant Looper has never been served despite multiple extensions of time to complete service. (*See* Docs. 10, 13, 30.)

## II.    Motion to Dismiss

Defendant CoreCivic, Inc. moves to dismiss because Plaintiff does not name CoreCivic, Inc. as a Defendant to her Complaint, the entirety of Plaintiff's allegations against "Genesis Eloy Detention Center" are that Plaintiff was allegedly temporarily detained there in 2019, Eloy Detention Center is a non-jural entity incapable of being sued, and Plaintiff appears to assert claims for false imprisonment and personal injury almost three years after the applicable statute of limitations for such claims.

In her Response, Plaintiff did not substantively respond to any of Defendant's arguments, but wrote: "Opposition, to the motion to dismiss opportunity to oppose the other side request [sic]. [R]equest the court to take action demo[n]strating the other party has had contact with the state or there is some other reason." (Doc. 37 at 1.)

. . . .

### III.    Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).  In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### IV.    Discussion

Plaintiff fails to state a claim upon which relief can be granted against Eloy Detention Center or CoreCivic, Inc.  In her Complaint, Plaintiff alleges that she was briefly detained at Eloy Detention Center, but does not allege any other factual allegations against Eloy Detention Center or CoreCivic, Inc.  Accordingly, CoreCivic, Inc.'s Motion to Dismiss will be granted.

### V.    Similarly Situated Defendant

Although Defendant Looper has not been served, Plaintiff does not mention Defendant Looper in the substance of her Complaint and, therefore, does not state a claim upon which relief can be granted against Defendant Looper.  Accordingly, Defendant Looper will be dismissed as a similarly situated Defendant.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.") (quoting *Silverton*

*v. Dep' t of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).  Defendant Looper is also properly dismissed pursuant to Rule 4(m) given Plaintiff's continued failure to serve despite multiple extensions of time without a showing of good cause or excusable neglect. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service); *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) (setting forth standard for excusable neglect).

**VI.    Leave to Amend**

Under Rule 15, a party "may amend its filing once as a matter of course" under certain circumstances not present here.  Fed. R. Civ. P. 15(a)(1).  For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.*  Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *Id.*; *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (a district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Plaintiff does not request leave to amend.  Moreover, Plaintiff did not substantively respond to the arguments asserted by Defendant CoreCivic, Inc. in the Motion to Dismiss, and Plaintiff did not argue or otherwise dispute that any claims relating to Plaintiff's immigration detention in 2019 are barred by the applicable statute of limitations.  On this Record, it would be futile to allow Plaintiff leave to amend and the  Court will dismiss this action without prejudice.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is **withdrawn** as to Defendant CoreCivic Inc.'s Motion to Dismiss (Doc. 33).

(2)    Defendant's Motion to Dismiss (Doc. 33) is **granted**.

(3)     Defendant Looper is **dismissed without prejudice** for the reasons set forth in this Order.

(4)     Plaintiff's Motion seeking review of her case (Doc. 47) is **denied as moot**.

(5)     The Complaint and this action are **dismissed without prejudice**.  The Clerk of Court must enter judgment accordingly.

Dated this 27th day of June, 2025.

_____

Honorable Sharad H. Desai
United States District Judge